841 F.2d 1123
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Moses Shelton WHITE, Petitioner-Appellant,
v.
Jimmy G. BULLOCK; Attorney General of North Carolina,
Respondents-Appellees.
 No. 87-7780.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 29, 1988.
Decided: Feb. 24, 1988.
 
 Moses Shelton White, appellant pro se.
 Richard Norwood League, Office of the Attorney General of North Carolina, for appellees.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Moses Shelton White, a North Carolina inmate serving two consecutive fourteen year sentences upon his conviction for two counts of robbery with a dangerous weapon, seeks to appeal the district court's order denying habeas relief under 28 U.S.C. Sec. 2254 and its subsequent denial of his request for reconsideration of that order. Convicted in 1984, White filed the habeas petition on December 4, 1986, alleging four grounds for relief: (1) insufficient evidence; (2) erroneous jury instruction permitting conviction without unanimity by the jury as to all elements of the offense; (3) denial of motion to suppress evidence from illegal search; and (4) failure to provide White a speedy trial.
 
 
 2
 The respondents filed an answer and motion to dismiss the petition. After White responded to the answer and motion to dismiss, the district court entered an order denying the habeas application and dismissing the petition on the merits on October 22, 1987.
 
 
 3
 White did not file a notice of appeal from the denial of habeas relief. Instead, he filed "objections to decision by Judge Larkins" on November 16, 1987. The objections merely restated the four grounds for relief asserted in White's habeas petition.
 
 
 4
 The district court treated the objections as a motion to alter or amend the judgment and entered an order disallowing the motion as untimely filed under Fed.R.Civ.P. 59(e) on November 27, 1987. White filed a notice of appeal on December 7, 1987, purporting to appeal the dismissal of his habeas petition.
 
 
 5
 White did not comply with Fed.R.Civ.P. 59(e), which requires the service of a motion to alter or amend within ten days of entry of judgment, or with Fed.R.App.P. 4(a)(1), which requires the filing of a notice of appeal within thirty days of the final judgment. Because only a timely motion under Fed.R.Civ.P. 59 would toll the running of the appeal period under Fed.R.App.P. 4(a)(5) and because White's notice of appeal was untimely as to the underlying judgment, we lack jurisdiction to review the district court's denial of habeas relief.
 
 
 6
 Although the district court may have had discretion to treat White's objections as a Rule 60 motion, the court was under no duty to do so. The objections merely restated the claims for relief asserted in the habeas petition and did not raise any Rule 60 grounds for relief from the judgment dismissing the petition. Thus, the district court properly disallowed the motion as untimely filed.
 
 
 7
 We dispense with oral argument because the dispositive issues have recently been decided authoritatively. A certificate of probable cause to appeal is denied and the appeal dismissed for lack of jurisdiction.
 
 
 8
 DISMISSED.